Peter D. Marketos (TX Bar No. 24013101)
Joel W. Reese (TX Bar No. 00788258)
Tyler J. Bexley (TX Bar No. 24073923)
REESE MARKETOS LLP
750 N. St. Paul Street, Suite 600
Dallas, TX 75201
214-382-9810 – Telephone
214-501-0731 – Facsimile
joel.reese@rm-firm.com
pete.marketos@rm-firm.com
tyler.bexley@rm-firm.com

Co-Counsel for Elevate Credit, Inc.

Jeff P. Prostok (TX Bar No. 16352500)
J. Robert Forshey (TX Bar No. 07264200)
Suzanne K. Rosen (TX Bar No. 00798518)
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
(817) 877-8855 Telephone
(817) 877-4151 Facsimile
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com

Co-Counsel for Elevate Credit, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Confirmed Chapter 11 |
| THINK FINANCE, LLC, *et al*,[1] | § | |
| | § | Case No. 17-33964-hdh11 |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |
| | § | |
| THE HONORABLE RUSSELL F. NELMS | § | |
| (RET.), LITIGATION TRUSTEE FOR THE | § | |
| THINK FINANCE LITIGATION TRUST, | § | Adv. Case No. 20-ap-03099-hdh |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| ELEVATE CREDIT, INC., | § | |
| | § | |
| Defendant. | § | |

---

[1] The debtors in these cases (the "**Debtors**") along with the last four digits of each Debtor's federal tax identification number are: Think Finance, LLC ("**Think Finance**") (3098), Think Finance SPV, LLC (4522), Financial U, LLC (1850), TC Loan Service, LLC (3103), Tailwind Marketing, LLC (1602), TC Administrative Services, LLC (4558), and TC Decision Sciences, LLC (8949).

| | | |
|---|---|---|
| In re: | § | |
| | § | Confirmed Chapter 11 |
| THINK FINANCE, LLC, *et al*, | § | |
| | § | Case No. 17-33964-hdh11 |
| Debtors. | § | |
| _____ | § | (Jointly Administered) |
| | § | |
| THE HONORABLE RUSSELL F. NELMS | § | |
| (RET.), LITIGATION TRUSTEE FOR THE | § | |
| THINK FINANCE LITIGATION TRUST, | § | Adv. Case No. 3:19-ap-3201-hdh |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| 4H INVESTCO LP, *et al.* | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO CONSOLIDATE ADVERSARY PROCEEDINGS FOR DISCOVERY AND MOTION FOR PROTECTIVE ORDER

Defendants' Joint Motion to Consolidate asks the Court for straightforward relief in the interest of cost-savings and judicial economy. The same Plaintiff has two adversary proceedings pending before the Court that are premised on near-identical allegations in the two live complaints. For the purposes of discovery only, the cases should be consolidated. To the extent that certain witnesses have been deposed multiple times over several years, their depositions, after consolidation, should be limited to an additional four hours.

Defendants' requested relief hardly seems controversial. As the Joint Motion to Consolidate pointed out, comparing the two complaints shows that the crux of the Trust's allegations is the same and that any differences as to *what assets* were supposedly fraudulent transfers in each case can easily be addressed in discovery in a consolidated case. But instead of endorsing a streamlined approach, the Trust insists that the two cases must be prepared for trial on

independent discovery tracks. Frankly, it appears that the Trust resists Defendants' request to consolidate both cases for discovery merely because the Joint Defendants themselves proposed the consolidation.

In the course of disagreeing over a procedural consolidation, however, the Trust cannot resist editorializing on the merits. As it has continually done throughout these cases, the Trust touts the size and strength of its fraudulent transfer claims and attempts to validate them by repeating, and repeating again, the allegations against the Debtors and Joint Defendants.[2] To this point, Defendants have avoided arguing the merits in disputes over discovery and procedure because it is not helpful to the Court. But the disposition of this Joint Motion requires Defendants to deconstruct the Trust's theory of these fraudulent transfer cases so that the Court can appreciate exactly what the Trust is trying to accomplish.

First, the Trust argues that the Debtors—Think Finance and certain affiliates—engaged in unlawful lending practices that charged millions of consumers usurious rates. Therefore, the Trust contends that (1) the May 1, 2014 spin-off of Elevate and (2) certain post-spin dividends to Think's shareholders actually and constructively defrauded Debtors' "creditors"—that is, the consumer borrowers who filed claims against Think Finance in the months and years after the spin-off. The Trust further contends that the consumer borrowers' claims against Think Finance amount to more than $1 billion in "contingent liabilities" (or "Legacy Liabilities," as the complaints allege) that, when retroactively added to Think Finance's balance sheet more than seven years ago, rendered the company insolvent at the time of the Elevate spin-off and the payment of the shareholder dividends.

---

[2] The Trust's introductory remarks even begin with a quote on "fraud and falsehood" from Thomas Cooper—a 19th Century politician—which was misattributed to Samuel Johnson.

Defendants believe that the Trust created these fraudulent transfer cases by mimicking the claims from *In re Tronox*, 503 B.R. 239 (Bankr. S.D.N.Y. 2013)—a fraudulent transfer case involving a spin-off decided by the Bankruptcy Court for the Southern District of New York—and working backwards to fill in the factual gaps. But aside from enormous inconsistencies that are not relevant here, the Trust misses a crucial distinction between the two cases that undermines its entire theory: the consumer borrowers here *settled and liquidated their claims* against the Debtors in a nationwide class action that was approved by the Court and incorporated into a binding Plan of Reorganization on December 5, 2019. Those claims, as to the Debtors, were liquidated and discharged for less than *$36 million*. The consumer borrowers urged the Court to enter the class action settlement under Bankruptcy Rule 9019 and Rule 23 of the Federal Rules of Civil Procedure because the settlement was fair, adequate, and reasonable in light of the uncertainties of trial and numerous other considerations. Now, however, the Trust attempts to ascribe *more than $1 billion* to those settled, liquidated, and extinguished consumer borrower claims in order to manufacture contingent "Legacy Liabilities" and retroactively add those extinguished liabilities to Think Finance's balance sheet to create a fraudulent transfer claim.

The Trust contends that it is prosecuting these fraudulent transfer cases against the Joint Defendants "on behalf of approximately 1.1 million defrauded consumer borrowers *who are relying on these Cases to obtain some measure of justice*." Trustee's Opp. at 3 (emphasis added). The Trust also states that its "claims against Elevate are the single largest most valuable source of funding for the Trust to make future distributions" to the consumer borrowers. *Id*. Missing from its analysis, however, is the fact that the consumer borrowers already received relief directly from the Debtors after their hotly contested claims were settled on the eve of trial, liquidated, and discharged in the confirmed plan.

In short, the Trust's attempted redux of the *Tronox* fraudulent transfer claims is fatally flawed. As evidenced by the liquidation of the consumer borrowers' claims, there *were no* "Legacy Liabilities" or any other "contingent liabilities" in this case that rendered Debtors insolvent at the time of the Elevate spin-off or the payment of dividends to certain Think shareholders. While the Trust now attempts to re-litigate the consumer borrowers' settled claims against Debtors in these adversary proceedings in order to sustain its fraudulent transfer theories, it cannot overcome the fact that the foundational claims were themselves liquidated—and released and discharged— in 2019 for a fraction of what the Trust now claims they were actually worth more than seven years ago.

Consolidating these two proceedings for discovery purposes makes perfect sense. The Court should reject the Trust's attempt to distance itself from the near-identical allegations in the two complaints. In both cases, the Trust will attempt in discovery to litigate its entire "tribal lending/true lender liability" claims against Debtors that form the basis for its "Legacy Liability" arguments—which themselves underpin the actual and constructive fraudulent transfer theories against the Joint Defendants. There is no good reason that the cases should proceed on different discovery paths merely because the Trust's contentions as to which assets were fraudulently transferred are specific to each of the Joint Defendants.

Because the cases clearly involve the same court, common parties (the same plaintiff in both cases), and nearly identical questions of law and fact, judicial economy and Federal Rule of Civil Procedure 42(a) weigh heavily in favor of consolidation for discovery purposes. The Trust's attempt to identify factual differences between the two proceedings, despite their complaints, is not enough to overcome this commonsense measure.

Finally, the Joint Motion laid out the extent to which specific witnesses in this case have already been deposed multiple times—including in the consumer borrower cases that undergird the Trust's fraudulent transfer claims here. Joint Defendants did not advocate cutting off discovery or depositions going forward—instead, they proposed that witnesses who have given deposition testimony already be required to sit, at most, for another four-hour deposition. The Trust argues that such a restriction would be fundamentally unfair when, in fact, just the opposite is true. The consumer borrower claims were heavily litigated *in this Court* and settled on the eve of trial. It defies reason that the Trust cannot extract whatever additional testimony it needs to support its fraudulent transfer claims when the entire premise of those claims is founded on the Debtors' liability for the consumer borrower claims themselves. Should the Trust be unable to discover even more information about those claims and the transfer of certain of Think Finance's assets, they could easily ask Joint Defendants or, in the absence of agreement, the Court, for more time.[3]

Therefore, pursuant to Rules 42(a) and Rule 26(b)(2) of the Federal Rules of Civil Procedure, Elevate and the Shareholder Defendants request that the Court enter an Order that consolidates the Shareholder Case (Case No. 3:19-ap-3201) with the Elevate Case (Case No. 20-ap-03099) for discovery purposes and limits the deposition of any person who has been deposed at least once in Think Finance-related litigation (including cases filed by consumer borrower class representatives and regulatory plaintiffs) to four additional hours per side.

---

[3] Joint Defendants also object to the Declarations of Leonard A. Bennett and Irv Ackelsberg that the Trust filed in support of its opposition. As set forth in the Joint Defendants' contemporaneously filed objection, the declarations violate Federal Rule of Evidence 1002 and also misrepresent information about depositions that were taken in other cases.

Respectfully submitted,

By: ___/s/ Joel W. Reese___
Joel W. Reese
Texas Bar No. 00788258
joel.reese@rm-firm.com
Pete Marketos
Texas Bar No. 24056742
pete.marketos@rm-firm.com
**REESE MARKETOS LLP**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201-3201
214.382.9810 telephone

Jeff P. Prostok
Texas Bar No. 16352500
jprostok@forsheyprostok.com
J. Robert Forshey
Texas Bar No. 07264200
bforshey@forsheyprostok.com
Suzanne K. Rosen
Texas Bar No. 00798518
srosen@forsheyprostok.com
**Forshey & Prostok LLP**
777 Main St., Suite 1550
Ft. Worth, TX 76102
(817) 877-8855 Telephone


**ATTORNEYS FOR
ELEVATE CREDIT, INC.**

By: ___/s/ J. Mark Chevallier___
J. Mark Chevallier, Esquire
State Bar No. 04189170
McGuire, Craddock & Strother, P.C.
500 N. Akard St., Suite 2200
Dallas, Texas 75201
Telephone: 214-954-6800
Facsimile: 214-954-6868

Richard L. Scheff (pro hac vice)
David F. Herman (pro hac vice)
Armstrong Teasdale LLP
2005 Market Street
One Commerce Square, Floor 29
Philadelphia, PA 19103
Telephone: 267-780-2000
Facsimile: 215-405-9070

**ATTORNEYS FOR
SHAREHOLDER DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that, on June 25, 2021, a true and correct copy of the above and this document has been served by electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case.

___/s/ Tyler J. Bexley___
Tyler J. Bexley