| | |
|---|---|
| Peter D. Marketos (TX Bar No. 24013101) | Jeff P. Prostok (TX Bar No. 16352500) |
| Joel W. Reese (TX Bar No. 00788258) | J. Robert Forshey (TX Bar No. 07264200) |
| Tyler J. Bexley (TX Bar No. 24073923) | Suzanne K. Rosen (TX Bar No. 00798518) |
| REESE MARKETOS LLP | FORSHEY & PROSTOK LLP |
| 750 N. St. Paul Street, Suite 600 | 777 Main St., Suite 1290 |
| Dallas, TX 75201 | Ft. Worth, TX 76102 |
| 214-382-9810 – Telephone | (817) 877-8855 Telephone |
| 214-501-0731 – Facsimile | (817) 877-4151 Facsimile |
| joel.reese@rm-firm.com | jprostok@forsheyprostok.com |
| pete.marketos@rm-firm.com | bforshey@forsheyprostok.com |
| tyler.bexley@rm-firm.com | srosen@forsheyprostok.com |
| | |
| Co-Counsel for Elevate Credit, Inc. | Co-Counsel for Elevate Credit, Inc. |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Confirmed Chapter 11 |
| THINK FINANCE, LLC, *et al*,[1] | § § | Case No. 17-33964-hdh11 |
| Debtors. | § § | (Jointly Administered) |
| | § § | |
| THE HONORABLE RUSSELL F. NELMS (RET.), LITIGATION TRUSTEE FOR THE THINK FINANCE LITIGATION TRUST, | § § § | Adv. Case No. 20-ap-03099-hdh |
| Plaintiff, | § § | |
| v. | § § | |
| ELEVATE CREDIT, INC., | § § | |
| Defendant. | | |

---

[1] The debtors in these cases (the "**Debtors**") along with the last four digits of each Debtor's federal tax identification number are: Think Finance, LLC ("**Think Finance**") (3098), Think Finance SPV, LLC (4522), Financial U, LLC (1850), TC Loan Service, LLC (3103), Tailwind Marketing, LLC (1602), TC Administrative Services, LLC (4558), and TC Decision Sciences, LLC (8949).

| | |
|---|---|
| In re:<br><br>THINK FINANCE, LLC, *et al*,<br><br>         Debtors.<br>_____<br><br>THE HONORABLE RUSSELL F. NELMS (RET.), LITIGATION TRUSTEE FOR THE THINK FINANCE LITIGATION TRUST,<br><br>         Plaintiff,<br>v.<br><br>4H INVESTCO LP, *et al.*<br><br>         Defendants. | Confirmed Chapter 11<br><br>Case No. 17-33964-hdh11<br><br>(Jointly Administered)<br><br><br><br>Adv. Case No. 3:19-ap-3201-hdh |

**DEFENDANTS' OBJECTIONS TO DECLARATIONS OF LEONARD A. BENNETT (DKT. 114-1) AND IRV ACKELSBERG (DKT. 114-2)**

Defendants object to the Declarations of Leonard A. Bennett (Dkt. 114-1) and Irv Ackelsberg (Dkt. 114-2), filed by Plaintiff as Exhibits A and B, respectively, in support of its Response to Defendants' Joint Motion to Consolidate Adversary Proceedings for Discovery and Motion for Protective Order (Dkt. 114).

The Bennett and Ackelsberg declarations purport to describe depositions that were taken in other cases—specifically, the types of questions Bennett and Ackelsberg allegedly did not ask in those depositions. These declarants' characterizations of depositions without attaching the actual deposition transcripts violates Federal Rule of Evidence 1002. *See Taylor v. Shippers Transp. Express, Inc.*, No. CV 13–02092 BRO (PLax), 2014 WL 7499046, at *7 (C.D. Cal. Sept. 30, 2014) ("Defendants object to Mr. Sayas's characterization in his declaration of the deposition testimony of SSA Marine's officers on the basis that the deposition transcripts are the best

evidence. The Court agrees. Defendants' objection is therefore **SUSTAINED** under Federal Rule of Evidence 1002.").

Moreover, a review of the deposition transcripts demonstrates that the declarants' characterizations of the depositions is not accurate, further demonstrating the problem with relying on declarants' statements rather than the transcripts. In their declarations, Bennett and Ackelsberg stated:

> I did not examine any witness at deposition in Think Finance-related cases about the fraudulent transfers alleged in the Trustee's complaints against Elevate and/or the Shareholder Defendants. More specifically, I did not question any witness about emails, memoranda, Board Minutes, presentations, Valuations, Solvency Analyses, or Tax Opinions, to elicit evidence of intent or badges of fraud, the presence of contingent liabilities, the Debtors' solvency on specific dates that transfers were made, or the validity of spin-off documents, as they relate to the alleged fraudulent transfers.

Bennett Decl. (Dkt. 114-1) ¶ 8; Ackelsberg Decl. (Dkt. 114-2) ¶ 8. Contrary to this statement, the spin-off and related issues were addressed at length in depositions in other cases—including in questions from Bennett and Ackelsberg. *See, e.g.*, Ex. 1, Lutes Dep. (Sept. 28, 2018) at 105:21–106:23 (questions from Bennett about the spin-off), 107:18–108:13 (same), 111:25–114:23 (questions from Bennett about the spinoff and company valuation issues); Ex. 2, Lutes Dep. (May 3, 2018) at 259:6-264:11 (questions from Ackelsberg about the spin-off), 265:4-278:5 (same).

In short, the Bennett and Ackelsberg declarations are unreliable and improper under Rule 1002. The Court therefore should strike the declarations and not consider them in connection with Defendant's opposition.

Respectfully submitted,

By:   */s/ Joel W. Reese*
Joel W. Reese
Texas Bar No. 00788258
joel.reese@rm-firm.com
Pete Marketos
Texas Bar No. 24056742
pete.marketos@rm-firm.com
**REESE MARKETOS LLP**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201-3201
214.382.9810 telephone

Jeff P. Prostok
Texas Bar No. 16352500
jprostok@forsheyprostok.com
J. Robert Forshey
Texas Bar No. 07264200
bforshey@forsheyprostok.com
Suzanne K. Rosen
Texas Bar No. 00798518
srosen@forsheyprostok.com
**Forshey & Prostok LLP**
777 Main St., Suite 1550
Ft. Worth, TX 76102
(817) 877-8855 Telephone


**ATTORNEYS FOR
ELEVATE CREDIT, INC.**

By:   */s/ J. Mark Chevallier*
J. Mark Chevallier, Esquire
State Bar No. 04189170
McGuire, Craddock & Strother, P.C.
500 N. Akard St., Suite 2200
Dallas, Texas 75201
Telephone: 214-954-6800
Facsimile: 214-954-6868

Richard L. Scheff (pro hac vice)
David F. Herman (pro hac vice)
Armstrong Teasdale LLP
2005 Market Street
One Commerce Square, Floor 29
Philadelphia, PA 19103
Telephone: 267-780-2000
Facsimile: 215-405-9070

**ATTORNEYS FOR
SHAREHOLDER DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that, on June 25, 2021, a true and correct copy of the above and this document has been served by electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case.

        */s/ Tyler J. Bexley*
        Tyler J. Bexley